IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
MAY 1998 SESSION

FILED

September 15, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | No. 01C01-9707-CC-00261 |
| Appellee, | * | Rutherford County |
| vs. | * | Hon. James K. Clayton, Jr., Judge |
| MARK LOGAN, | * | (Sentencing) |
| Appellant. | * | |

For Appellant:

Stephen W. Pate
Attorney
218 West Main Street
Murfreesboro, TN 37130

For Appellee:

John Knox Walkup
Attorney General & Reporter

Lisa A. Naylor
Assistant Attorney General
425 Fifth Avenue North
Cordell Hull Building, Second Floor
Nashville, TN 37243-0493

William C. Whitesell
District Attorney General
Third Floor Judicial Building
Murfreesboro, TN 37130

John W. Price
Assistant District Attorney General
Rutherford County Judicial Building
Murfreesboro, TN 37130

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

The defendant, Mark Logan, entered pleas of guilt to attempted aggravated sexual battery. The trial court imposed a Range I sentence of three years. In this appeal of right, the defendant claims the trial court committed error by failing to grant probation.

We affirm the judgment of the trial court.

Although the record does not include a transcript of the submission hearing, the underlying facts of the crime are apparent from the statement of the defendant. Pertinent portions provide as follows:

> [The defendant] stated that he was lying on the sleeper sofa between [seven-year-old HM, a child of a neighbor][1] and his daughter .... [He] stated that he started tickling [HM] and touched her on her bottom. [He] stated he starting rubbing on her breast and then he stuck his hand down into her panties and starting rubbing her vagina. [The defendant] stated he didn't penetrate into the vagina. [He] stated that he kissed her on the cheek and starting blowing on her abdomen and he pulled her panties midway down, and blew on her bikini line. ...

Indicted for aggravated sexual battery, a Class B felony, the defendant pled to a reduced charge as part of a plea bargain agreement. An attempt to commit aggravated sexual battery is a Class C felony, which has a sentencing range of three to six years for a Range I offender. Tenn. Code Ann. § 39-12-107(a).

The defendant, twenty-nine years of age, has been married for nearly ten years and has three young children. Although he did not complete high school, he attended Knoxville Area Vocational School and earned a certificate in gasoline

---

[1] It is the policy of this court to withhold the identity of children involved in sexual abuse. State v. Schimpf, 782 S.W.2d 186, 188 n.1 (Tenn. Crim. App. 1989).

engine repair in 1989. The defendant works for Spaulding Composites Company as a full-time maintenance helper, a position he has held since August of 1996. He gives his entire paycheck to his wife. He has good physical health, drinks only moderately, and, although he admitted to experimental use of marijuana in the past, he denied any present use of illegal drugs. Since September of 1996, he has attended counseling sessions at the Rutherford County Guidance Center where a psychological evaluation of the defendant was performed. He has no prior criminal record.

At the sentencing hearing, the defendant testified that a Safety Order from the Department of Human Services required him to reside with his parents until his counselors approved his return to his family home. In the interim, he visits with his children in the presence of his wife and a social worker on a weekly basis. He maintained that he had never abused either of his two daughters and had never abused any other child prior to committing this offense. He maintained that this was an isolated incident.

The defendant attends group counseling once per week and testified that he has benefited as a result of his treatment. He expressed a desire to participate in the sexual offender rehabilitation program so he could learn more about his problem and prevent any future incidents. He apologized to the victim and her mother and recognized that he had caused them pain and embarrassment.

When asked whether he had inappropriate impulses toward young girls, including his daughter, he informed the trial court that he did not. On further questioning by the state, however, he admitted that he had occasionally struggled with such thoughts. The psychological evaluation concluded as follows:

> The [defendant] denies any other episodes of sexual perpetration but admits he had "struggled" with the desire to perform sexual activity with a minor since his daughter was approximately one year old. He stated that his daughter had typically been the focus of such thoughts prior to this incident, though he had always successfully resisted acting on this impulse.

The evaluation also indicated that the defendant may suffer from a learning disability.

Michael L. Logan, father of the defendant, described his son as very quiet, reserved, and insecure. He testified that he had noticed improvement in these areas since the defendant had obtained counseling. Mr. Logan stated that he had observed the defendant with his daughters on numerous occasions and never noticed any abnormal behavior. While expressing "a very small reservation" about the defendant returning to live with his daughters, he informed the court that the defendant could live with him indefinitely. Incarceration, he explained, would be a "catastrophe because [the defendant] is the sole breadwinner. ... There would be no other income." Mr. Logan offered to help make sure the defendant complied with conditions of probation, if granted.

Mattie E. Logan, wife of the defendant, testified that she was unaware of the defendant's problem and had not witnessed any inappropriate behavior on his part. Although she and her daughters are aware of the incident, they do not feel threatened and want the defendant to come home. She stated that if the defendant were incarcerated, she would have no means of support and would lose her home.

Catina Lawrence, mother of the victim, testified that MH has experienced nightmares and is fearful of playing outdoors. Ms. Lawrence acknowledged that, although the defendant did not physically injure MH, she was

emotionally and mentally scarred as a result of his actions. Ms. Lawrence requested that the court deny probation.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Among the factors applicable to the defendant's application for probation are the circumstances of the offense, the defendant's criminal record, social history, and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978).

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are presumed to be favorable candidates "for alternative sentencing

5

options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(a), (b).

Alternative sentencing issues must be determined by the facts and circumstances of the individual case. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986). "[E]ach case must be bottomed upon its own facts." State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

The trial court denied probation:

[I]f he did what he said he did, with the child being seven years old, he's guilty of aggravated sexual battery, a class B felony .... [H]e's being convicted of a Class C felony for whatever reason. And I always consider probation. I have problems considering probation with sex offenders, however, because, ... the chances of him being rehabilitated are slim. ... And I don't think he's been entirely honest with the Court. ... He may have been entirely honest [during] the psychological evaluation. ... [T]he diagnostic impressions are pedophilia, and that's extremely hard to do anything with....

The trial court ordered the defendant to participate in counseling and to serve his sentence at the Rutherford County Workhouse.

The defendant contends that the trial court erred by failing to state the statutory basis for the denial of probation. The 1989 Act does provide that the record of the sentencing hearing "shall include specific findings of fact upon which application of the sentencing principles was based." Tenn. Code Ann. § 40-35-209(c). We are able to conclude that the record and the findings of the trial court are adequate to support the denial of probation.

6

The nature and circumstances of the offense may often be so egregious as to preclude the grant of probation. See State v. Poe, 614 S.W.2d 403 (Tenn. Crim. App. 1981). Here, the defendant sexually assaulted a seven-year-old girl entrusted to the care of him and his wife. The circumstances involved could have resulted in a conviction of a Class B felony had the defendant proceeded to trial. A lack of candor may also militate against a grant of probation. State v. Bunch, 646 S.W.2d 158 (Tenn. 1983). The record supports the trial judge's conclusion that the defendant was reluctant to acknowledge his sexual impulses toward his own daughter. While denying having had sexual impulses toward his child, he had informed his counselors otherwise, as evidenced by the psychological evaluation.

Moreover, the trial court imposed a minimum sentence of three years. Although an important sentencing consideration is to impose the least severe punishment necessary, the grant of probation might tend to depreciate the seriousness of this offense. Tenn. Code Ann. § 40-35-103(1)(B).

Because sentencing requires an individualized, case-by-case approach, that method of analysis necessarily embodies the exercise of discretion at the trial court level. See Moss, 727 S.W.2d at 235; State v. Fletcher, 805 S.W.2d 785 (Tenn. Crim. App. 1991). Thus, there is a sound basis for the presumptive correctness standard of appellate review:

> It is not the policy or purpose of this Court to place trial judges in a judicial strai[gh]t-jacket in this or any other area, and we are always reluctant to interfere with their traditional discretionary powers.

Ashby, 823 S.W.2d at 171. That principle prevails here on the matter of probation. In our view, the trial court acted within its discretion in denying probation.

7

Accordingly, the judgment of the trial court is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
David G. Hayes, Judge


_____
Jerry L. Smith, Judge