Arter BALL, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee,
at Knoxville.

April 23, 1979.

Gordon Ball, Newport, for appellant.

William M. Leech, Jr., Atty. Gen., John C. Zimmermann, Asst. Atty. Gen., Nashville, Al Schmutzer, Jr., Dist. Atty. Gen., Sevierville, for appellee.

## OPINION

TATUM, Judge.

This is an appeal by a convicted defendant from the trial court's judgment on a petition for probation. The appellant, Arter Ball, was indicted for the offense of grand larceny of a pickup truck; the jury found him guilty of the lesser included offense of joy riding and fixed punishment at 11 months and 29 days in the County Jail. After an evidentiary hearing, the trial judge granted partial relief; he ordered the appellant to serve 6 months of the sentence, but suspended the remaining 5 months and 29 days. The appellant insists that the trial judge acted arbitrarily and capriciously abused his discretion in not suspending the entire sentence. We disagree and affirm the trial court's judgment.

The details of the crime are not reflected in the record; however, we glean that the State's evidence was that the appellant was brought to the scene of the conversion by another man driving another truck. The appellant "hot wired" the converted truck and drove it away, but immediately abandoned it, realizing that he had been seen either when taking the truck or when driving it away. The appellant testified in his own behalf and sought to establish an alibi.

The appellant, a 21–year–old married man, is an Air Force veteran with no previous criminal convictions; he did not graduate from high school. He had served 63 days of his jail sentence at the time of the probation hearing, but made bond on the day of the hearing.

The trial judge questioned the veracity of the appellant's trial testimony relating to his alibi defense. However, the trial judge's grounds for declining to suspend one–half of the appellant's sentence were deterrence and a finding that the appellant was "unrepentant."

 The ultimate questions to be determined by trial courts in cases of this kind are whether the granting of probation will benefit both the defendant and the public, whether the defendant is willing and able to rehabilitate himself, and whether there is a reasonable probability that the defendant will henceforth practice good citizenship. The burden of proving these facts is upon the appellant. T.C.A. § 40–2904; *Frazier v. State*, 556 S.W.2d 239 (Tenn.Cr.App.1977). There is no requirement that probation must be granted on a specific showing, such as no previous criminal conviction. *Frazier v. State, supra.*

There was no evidence offered at the probation hearing to prove that the appellant would henceforth practice good citizenship or that his probation would benefit both him and the public. He did not testify to this effect and made no such assurances to the trial judge. It is recognized that the trial judge's "opportunity to observe the defendant, particularly if he chose to take the stand in his defense, can often provide useful insights into an appropriate disposition" with respect to sentencing. *United States v. Grayson*, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978); ABA, Standards Relating to Sentencing Alternatives and Procedure, § 5.1, at 232 (1971). The "repentance" factor may legitimately be considered by the trial judge in considering the above referred to elements mentioned in T.C.A. § 40–2704, as amended. He can better make judgment on that question when observing the defendant than we can from the written record. T.C.A. § 40–2904.

Further, we would point out that a trial judge may now deny probation upon the ground of deterrence alone. Chapter 911, Public Acts of 1978, amending T.C.A. § 40–2904, provides, in part:

"The trial judge may deny probation upon the ground of the deterrent effect upon other criminal activity . . . . The judgment of the trial court shall be presumed to be correct and shall not be reviewable upon appeal except for an arbitrary or capricious abuse of discretion."

We again observe that after weighing all of the factors, the trial judge did grant the appellant relief by suspending one–half of his sentence. We cannot say that the trial judge acted arbitrarily or capriciously abused his discretion in not suspending the entire sentence.

The judgment of the trial court is affirmed.

CORNELIUS, J., and JOHN TEMPLETON, Special Judge, concur.