Lee Roy KILGORE, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

July 6, 1979.

Permission to Appeal Denied by Supreme Court Sept. 24, 1979.

Charles G. Jenkins, Sr., Francis W. Pryor, Jr., Jasper, for appellant.

William M. Leech, Jr., Atty. Gen., Robert E. Kendrick, Deputy Atty. Gen., Nashville, J. William Pope, Jr., Dist. Atty. Gen., William C. Killian, Asst. Dist. Atty. Gen., Pikeville, for appellee.

## OPINION

DAUGHTREY, Judge.

The appellant, Lee Roy Kilgore, was indicted and tried for first degree murder in the shotgun slaying of one Freddie Shrum at Kilgore's home in Marion County, Tennessee. The jury found Kilgore guilty of voluntary manslaughter and fixed his sentence at three to five years imprisonment. Kilgore made no motion for a new trial, filing instead a petition for a suspended sentence, which was denied by the trial judge after a full evidentiary hearing and the submission of a probation report.

The appellant contends that the trial judge abused his discretion in denying probation. The bill of exceptions reflects the following basis for the trial court's ruling:

This case is a case involving . . . personal violence, one wherein a man was killed, and one wherein the jury found the defendant guilty of the crime of . . voluntary manslaughter. . . . I don't think the Court in considering a crime of violence in determining whether or not a person [is to] be placed on probation is necessarily bound by the determination of the jury, insofar as probation is concerned. . . . [T]he crime in my opinion [merited] a more severe penalty than the jury determined. . . .

The judge, utilizing the standards set out in T.C.A. § 40–2904 and interpreted in *Stiller v. State,* 516 S.W.2d 617 (Tenn.1974), noted that Kilgore is "shown to be a good worker, shown to have a fairly good background . . ., has an excellent military [record], . . . [and has] had no further serious trouble." However, the trial judge expressed concern about Kilgore's abuse of alcohol, which apparently played some part in Shrum's death. He also gave considerable weight "to the fact that he who takes the life of another should generally be punished in some way for it, unless there are extreme mitigating circumstances."

This Court has previously held that the nature and circumstances of the offense ordinarily are not a sufficient basis for the denial of probation, where the offense is one for which the legislature has provided the possibility of a suspended sentence. *Mattino v. State,* 539 S.W.2d 824 (Tenn.Crim.App.1976). However, in the *Mattino* opinion we further noted that "[c]rimes of violence against the person, or particularly heinous crimes, might indeed be the controlling factor in a probation determination." *Id.* at 828.

We conclude that this dictum is applicable here, and we concur in the trial court's determination that exceptional circumstances must be shown in order to support probation in a case involving the death of another person at the hands of the petitioner. We further concur in the trial judge's finding that no such exceptional circumstances are present in this case. Although Kilgore's background weighed heavily in his favor, the record of his trial demonstrates callous and violent activity on his part which might well have resulted in a verdict of first or second degree murder, had the jury been less lenient. The appellant claimed that he acted in self-defense, but his version of the shooting simply cannot be resolved with the facts in the record.

We find no abuse of discretion in this case, and, accordingly, we affirm the judgment of the trial court.

DUNCAN and TATUM, JJ., concur.