STATE of Tennessee, Appellee,

v.

Paul David POE, Appellant.

Court of Criminal Appeals of Tennessee,
at Knoxville.

Jan. 21, 1981.

Supreme Court Denied Permission to
Appeal March 23, 1981.

Stephen M. Wallace, Bristol, for appellant.

William M. Leech, Jr., Atty. Gen., Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, Steven H. Jones, Asst. Dist. Atty. Gen., Blountville, for appellee.

## OPINION

TATUM, Judge.

This is an appeal from a judgment denying probation. The appellant, Paul David Poe, was indicted for assault with intent to commit first-degree murder. The jury found the appellant guilty of assault and battery with punishment fixed at 11 months and 29 days in the county jail plus a $1,000 fine.

The record consists mostly of statement and argument of counsel. No actual evidence is in the record except the appellant's answers to a few questions asked him by the court. These questions mostly concern the appellant's employment status and history. There is also a probation report in the record which was considered by the trial judge. The probation report was generally favorable to the appellant.

The trial judge assigned the following reasons for denying probation:

1. Deterrence to crime in that area.

2. The nature of the particular crime.

3. His disbelief of the appellant's testimony concerning his employment.

█ The crime was committed on April 29, 1978. Deterrence was specified by the Legislature as a factor to be considered in probation cases by an amendment to T.C.A. § 40–2904 which became effective May 5, 1978. In *Boykins v. State*, 584 S.W.2d 194 (Tenn.1979), our Supreme Court held that this new standard as grounds for denial of probation did not apply to offenses committed prior to the effective date of the amendment. We are bound by the *Boykins* case and hold that the deterrence factor was improperly applied in this case.

The next factor assigned by the trial court was the nature of the offense. The appellant shot at the victim three times with a .22 rifle and hit him twice, one time in the back. The victim almost died from these gunshot wounds but eventually made a good recovery. The appellant's attorney describes this crime as being one of passion, but the appellant says that he shot to defend himself. The version given by the appellant to the probation officer was as follows:

"I was working at West Side Amoco Service Station in the early part of 1978. My nephew, Darrell Poe, came by to see me and he called a girl I had been dating and told her that I was married, but separated from my wife for over a month. We started arguing and he pulled a knife on me because I was going to hit him. I went to my car and got my .22 rifle out and told him to put the knife up. He started swinging the knife at me so I fired the gun three (3) times and hit him twice (2). My intentions were to defend myself."

█ It is now settled that crimes of violence against the person, or particularly heinous crimes, might indeed be the controlling factor in a probation determination. *Kilgore v. State*, 588 S.W.2d 567 (Tenn.Cr. App.1979); *Powers v. State*, 577 S.W.2d 684 (Tenn.Cr.App.1978); *Mattino v. State*, 539 S.W.2d 824 (Tenn.Cr.App.1976). The record leaves no doubt other than that the crime was of extreme violence. The jury rejected the appellant's theory of self-defense. The trial judge did not abuse his discretion in finding that the appellant was not entitled to probation on this ground.

█ The trial judge also noted that he did not believe the appellant to have been truthful in some of his testimony. This is a factor of which the court may note at a probation hearing. *State v. Grear*, 568 S.W.2d 285 (Tenn.1978). In *United States v. Grayson*, 438 U.S. 41, 50, 98 S.Ct. 2610, 2617, 57 L.Ed.2d 582, 589 (1978), the United States Supreme Court held that a defendant's false testimony, observed by the trial court during the trial, was probative in sentencing as having a bearing on a defendant's prospects for rehabilitation.

While not mentioned by the trial judge, we note that the record contains little, if any, evidence that probation will benefit both the appellant and the public, that the appellant is willing and able to rehabilitate himself, or that there is a reasonable probability that the appellant will henceforth practice good citizenship. The record does not even contain the appellant's testimony concerning those elements. The burden of proving these facts is upon an applicant for probation. *Ball v. State*, 604 S.W.2d 65 (Tenn.Cr.App.1979); *Frazier v. State*, 556 S.W.2d 239 (Tenn.Cr.App.1977).

We do not find that the trial court abused his discretion, and we must therefore affirm the judgment denying probation

BYERS, J., concurs.

O'BRIEN, J., dissents.

O'BRIEN, Judge, dissenting.

If any credence is to be given to the Legislative Acts pertaining to suspension of sentences by trial judges and to the pertinent case law then the action of the trial judge in this case in denying probation is out of harmony with the tone and tenor of our probation laws to such an extent that his action is completely arbitrary, capri-

cious, and a palpable abuse of his discretion. See *Stiller v. State*, 516 S.W.2d 617 (Tenn. 1974).

The only testimony presented at the hearing on the petition for probation came through the interrogation of petitioner by the court. He was asked whether or not he had paid his court costs or his fine. Petitioner did not recall that he had been fined at his conviction trial and an exchange relative to that incident took place between him and the trial judge. The court then inquired if he was current in payments of child support.[1] He informed the court he was one week behind at the date of the hearing. Inquiry was then made relative to his employment which is recorded here verbatim:

> THE COURT: Where is it you work when you work inside as Mr. Wallace said that you worked from 9:00 to 5:00 or whatnot in the wintertime. Where is it you work?
>
> MR. POE: I get a job sometimes the same job, sometimes not. It's just whether they need help or not, but I always get a public job in the winter.
>
> THE COURT: And you don't have one at this time?
>
> MR. POE: No sir.
>
> MR. WALLACE: Where did you work last winter for example?
>
> MR. POE: I worked at Paty Lumber Company.

Defense counsel argued in essence that defendant had no prior record of any convictions other than minor traffic infractions; there were no negative aspects to his social history; that his working habits were a common practice among the people in the community where he resided;[2] his offense was a crime of passion not likely to be repeated; and fundamentally it would be to the best interest of everyone that probation be favorably considered.

The State, on the otherhand, argued he had been tried for a serious shooting offense and he was very fortunate that the jury chose to impose the sentence it did. The State was opposed to probation because, "I don't think the citizens of Sullivan County can just take up arms and go shoot somebody when they upset them and that's the main reason the State is opposed to probation because of the lack of sentence I feel he was given by the jury to begin with."

The trial judge, who was specially designated to hear the case, inquired about the custom in Sullivan County relative to the payment of court costs and fines. He was advised by a court officer that the regularly elected judge for that circuit had just initiated the requirement that they had to be paid before he would consider probation. This was confirmed by defense counsel.

In his concluding remarks the trial judge stated his reasons for denying probation to be:

(1) Deterrence to crime in that area.

(2) Because of the nature of the particular crime.

(3) His disbelief that defendant was employed.

Upon inquiry by defense counsel if that was all, he responded, "That's all the reasons I can think—I can think of a few others, but I think that's enough."

He did make reference to the probation report which also set forth in substance the relevant factors to be considered by him, viz, the circumstances of the offense; the defendant's criminal record, his social history, his present condition; and his physical and mental condition. See *State v. Welch*, 565 S.W.2d 492 (Tenn.1978).

He also implied that payment of court costs and fines, if any, was a condition precedent to consideration for probation. The record indicates that the regular trial judge for the Twenty-Sixth Judicial Circuit imposed this condition prior to consideration of probation. T.C.A. § 40–2901, as amended by Public Acts of 1978, (Adj.S.), Chapter

---

1. The probation report referred to defendant's payment of $25 per week child support.

2. The Probation Report indicates petitioner was a resident of Mendota, Virginia. The crime occurred in Bristol, Tennessee.

876, Section 1, effective April 14, 1978, specifically excludes from the authority of the trial judge the discretion to require a defendant to either secure or pay costs accrued before a hearing on a petition for probation, or as a condition to granting such a petition. This statute repeals those provisions of T.C.A. § 40–3201 by implication where it is in conflict.

The order denying probation sets out only that probation is denied for deterrent reasons. The court's comments at the conclusion of the probation hearing indicate he also considered the nature of the particular crime and expressed his doubt about defendant's employment. Each of these reasons are considered in turn:

(1) On April 29, 1978, the date on which the offense was committed for which defendant was brought to trial deterrence was neither a statutory nor case law criterion for denial of probation. By enactment of chapter 911 of the 1978 Public Acts, which amended T.C.A. § 40–2904 effective May 5, 1978, the standards were changed to include deterrence as a factor. Our Supreme Court has held that to apply this new standard as grounds for denial of probation for an offense committed prior to the Act would amount to prohibited ex post facto legislation. See *Boykins v. State*, 584 S.W.2d 194 (Tenn.1979).

(2) Exercising the widest latitude possible in considering the court's statement, "nature of this particular crime", to be synonymous with the "circumstances of the offense", still the judgment of the trial judge cannot withstand scrutiny. Obviously, the trial judge and the Assistant District Attorney were considering the indictment offense of assault with intent to commit murder. However, the jury resolved that issue in favor of the defendant by finding him guilty of a simple assault and battery. For the trial judge to consider the nature of the crime in the light of the charge in the indictment rather than the verdict of the jury would be a usurpation of the jury's prerogative and certainly a capricious, arbitrary and unreasonable exercise of discretion. See *Stiller v. State*, supra.

(3) The trial judge commented that he did not believe defendant was employed. The report of the probation counselor indicated that all aspects of his investigation were favorable except defendant's past and present employment status. In spite of his peculiar employment habits, which seem to be rather customary in the small, rural Virginia, mountain community where he resides, the record indicates that he provides for himself, pays his bills, and manages to pay, with fair regularity, $25 a week as child support to his divorced wife. He also assists in caring for his elderly mother. There was no evidence whatsoever that he was untruthful.

All the factors in the record militate in favor of approval of defendant's application. There is nothing in the record, giving due consideration to the statutory criteria and court decisions, to demonstrate that defendant is not a proper candidate for probation. If the trial judge found defendant's work style to be a stumbling block to an affirmative ruling, he could certainly make a requirement of obtaining and maintaining full-time employment as a condition for probation. The case should be reversed and remanded for the entry of an order of probation to include such conditions as the trial judge deems fit and proper. See *Boykins v. State*, supra; *Moten v. State*, 559 S.W.2d 770 (Tenn.1977).