IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH 1997 SESSION

FILED

April 17, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 02C01-9604-CC-00131 |
| Appellee, | * | HENRY COUNTY |
| VS. | * | Hon. Julian P. Guinn, Judge |
| GINA RAE MERRELL, | * | (Possession Controlled Substance with Intent to Deliver (2 counts); Possession |
| Appellant. | * | Controlled Substance (1 count)) |

For Appellant:

W. Jeffrey Fagan
Assistant Public Defender
117 Forrest Avenue North
P.O. Box 663
Camden, TN  38320

For Appellee:

Charles W. Burson
Attorney General & Reporter

Georgia Blythe Felner
Counsel for the State
450 James Robertson Parkway
Nashville, TN  37243-0493

Robert Gus Radford
District Attorney General
24th Judicial District
P.O. Box 686
Huntingdon, TN  38344

Vicky Snyder
Assistant District Attorney General
P.O. Box 94
Savannah, TN  38372

OPINION FILED: _____

AFFIRMED

GARY R. WADE, JUDGE

## OPINION

The defendant, Gina Rae Merrell, was indicted in five counts for the following offenses: counts (1) and (2), possession of a Schedule IV drug with intent to deliver or sell; count (3), possession of a Schedule III drug with intent to deliver or sell; count (4), simple possession of a Schedule VI drug (marijuana) less than one-half ounce; and count (5), possession of over .5 grams Schedule II drug (cocaine) with intent to deliver or sell. She pled guilty to counts two, three, and four; the remaining counts were dismissed by the state. On counts two and three, the trial court imposed a sentence of two years; the defendant is to be placed on supervised probation after the service of six months. On count four, the trial court imposed a sentence of eleven months, twenty-nine days, with supervised probation after six months. All three sentences are to be served concurrently.

In this direct appeal, the sole issue is whether the trial court erred by denying full probation. We find no error and affirm the judgment of the trial court.

On April 14, 1995, police executed a search warrant at the home of Jerry Tharpe. The defendant was present. A pill bottle containing seven darvon tablets and twenty cylert tablets was inside her purse. The conviction in count three is based on the sixty-seven lortab tablets found inside a small black bag owned by the defendant. The conviction in count four is based on a marijuana cigarette in the same bag.[1]

At the sentencing hearing, the defense attorney informed the trial judge that the defendant had recently been released from the hospital where she

---

[1]This information is based on the affidavits of complaint as set forth in the presentencing report. The guilty plea hearing transcript is not included in the record.

2

had been diagnosed as having depression. Defense counsel also informed the court that the defendant is required to undergo physical therapy three days a week for treatment for bone spurs. The trial judge questioned the defendant about whether she had a drug problem, noting the defendant had committed these offenses after going through drug rehabilitation. The defendant claimed that she was drug-free at the time of sentencing.

The presentence report shows that the defendant has ten prior convictions in 1995 for violating the "bad check law." She has two driving on revoked license convictions, one which occurred in 1992 and one from 1995. She also has a 1992 conviction for unlawful use of a license and she has a 1991 conviction for simple possession of marijuana.

Twenty-six years of age at the time of sentencing, the defendant testified that she suffered from depression, asthma, arthritis, recurring cervical cancer, bursitis, and bone spurs in her feet. She admitted having a drug problem dating back to when she was eleven years old and had been through drug rehabilitation twice. The defendant has her GED and a limited work history, having primarily worked as a waitress at various places.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The

Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the  sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment.  Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Among the factors applicable to the defendant's application for probation are the circumstances of the offense, the defendant's criminal record, social history, and present condition, and the deterrent effect upon and best interest of the defendant and the public.  State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978).

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary."  Tenn. Code Ann. § 40-35-102(6).  With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less.  Tenn. Code  Ann. § 40-35-303(a), (b).

Alternative sentencing issues must be determined by the facts and circumstances of the individual case.  State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).  "[E]ach case must be bottomed upon its own facts."  State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987).

Here, the trial court did not state on the record the specific reasons for denying immediate probation; however, the defendant's lengthy prior record, although all for misdemeanors, clearly warranted a jail sentence. See Tenn. Code Ann. § 40-35-103(1)(A). Despite her various prior convictions, the defendant has never been ordered to serve more than ten days in confinement, having always received sentences that were almost all entirely suspended. Two of the arrests for violating the bad check law and one arrest for driving on a revoked license occurred after the defendant was arrested and released on bond for the crimes in this case. These drug offenses occurred after the defendant had just completed a drug rehabilitation program. A period of "shock" confinement may be necessary to protect society from the defendant's propensity to repeatedly violate the law. Tenn. Code Ann. § 40-35-103(1)(A).

Significantly, in the presentence report, the defendant gave her version of events as follows:

> I [pled] guilty to [one] marijuana cig., the medication belonging to Baker child [sic] and the same pills my mother is serving time in prison for right now. She gave me the pills to keep for her appeal. I'm guilty of having [one] marijuana cig, and being in the wrong place at the wrong time.

Lack of candor has traditionally been a valid reason for the denial of probation. State v. Poe, 614 S.W.2d 403 (Tenn. Crim. App. 1981). "The opportunity for probation is always enhanced by the acceptance of responsibility in the honest recitation of both the facts underlying the offense and the circumstances under which the crime was committed." State v. Michelle Westfield, No. 03C01-9604-CC-00159, slip op. at 5 (Tenn. Crim. App., at Knoxville, March 4, 1997). Under these circumstances, we cannot conclude the trial court erred by ordering a period of confinement.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:

_____
Joe B. Jones, Presiding Judge

_____
Curwood Witt, Judge