# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### AUGUST SESSION, 1998

FILED

September 25, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9802-CR-00070 |
| | ) | |
| Appellee, | ) | |
| | ) | CUMBERLAND COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. LEON C. BURNS, JR., JUDGE |
| DON L. ADKINS, | ) | |
| | ) | |
| Appellant. | ) | (AGGRAVATED SEXUAL BATTERY) |

FOR THE APPELLANT:

**DAVID NEAL BRADY**
District Public Defender

**JOE L. FINLEY, JR.**
Assistant Public Defender
215 Reagan Street
Cookeville, TN  38501

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243

**WILLIAM EDWARD GIBSON**
District Attorney General

**DAVID A. PATTERSON**
Assistant District Attorney General
145 South Jefferson Avenue
Cookeville, TN  38501

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Don L. Adkins, appeals as of right following his sentencing hearing in the Cumberland County Criminal Court. The Defendant was indicted on four (4) counts of aggravated sexual battery. In an agreement with the District Attorney's office, Defendant agreed to plead guilty to one (1) count of attempted aggravated sexual battery, a Class C felony. Defendant also agreed to a sentence of six (6) years with the trial court to determine the manner of service of his sentence. Following the sentencing hearing, the trial court ordered Defendant to serve his entire sentence in the Department of Correction. Defendant argues that the trial court erred in denying a sentence of split confinement. We affirm the judgment of the trial court.

Bill Johnson, a probation officer for the State who prepared Defendant's presentence report, testified that Defendant initially denied doing anything wrong. However, in Defendant's statement in the presentence report, Defendant admitted touching one of the children on her private parts. Because Defendant was a friend of the victim's family and was acting as a babysitter, Johnson submitted that Defendant had abused a position of private trust. The Defendant does not have a prior criminal record, has a good history of employment and is a high school graduate.

June Estep, mother of the victim and friend of Defendant's family, testified that the victim was twelve (12) years of age when the offense occurred. Estep had trusted the Defendant with her children and he had cared for them on prior occasions. Since this incident of sexual abuse, the victim has changed. She does

not want to leave the house, is afraid and depressed. Due to her depression, the victim has been hospitalized twice because she wanted to commit suicide. She has missed many days of school and is currently receiving mental health treatment. Due to her daughter's fear of testifying, they agreed to Defendant's plea agreement.

The Defendant testified that he was forty-five (45) years of age and has known the victim for three (3) years. He admitted that he touched the victim on her private parts, indicating her breasts and between her legs. Defendant admitted remorse for his actions. However, he indicated in his testimony that the victim teased him after taking a shower, asking for a towel while standing naked, and then hid underneath the covers and asked him to find her.

During cross-examination, Defendant admitted that in his statement he said that he committed these acts on three (3) different occasions. Defendant continued to deny touching the victim's sister, although he admitted signing a statement in which he stated that he also sexually touched the sister. Defendant is not currently seeking or receiving any treatment for his sexual problems.

When an accused challenges the length, range or the manner of service of a sentence, this court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In conducting a de novo review of a sentence, this court must consider: (a) the evidence, if any, received at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statement that the defendant made on his own behalf; and (g) the potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; see State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

Defendant does not dispute the length and range of the sentence because he agreed to both upon his plea of guilty. Defendant challenges the manner of service of his sentence, arguing that he should have received alternative sentencing rather than service of the entire sentence in the Tennessee Department of Correction. In determining whether or not alternative sentencing is appropriate, a defendant who "is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). Our sentencing law also provides that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and

morals of society, and evincing failure of past efforts at rehabilitation, shall be given first priority regarding sentences involving incarceration." Tenn. Code Ann. § 40-35-102(5). Thus, a defendant sentenced to eight (8) years or less who is not an offender for whom incarceration is a priority is presumed eligible for alternative sentencing unless sufficient evidence rebuts the presumption. Pursuant to Defendant's presentence report and lack of prior criminal history, he qualifies as an offender presumed eligible for alternative sentencing under the parameters of these statutes.

However, the act does not provide that all offenders who meet the criteria are entitled to such relief; rather, it requires that sentencing issues be determined by the facts and circumstances presented in each case. See State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). The State may overcome the presumption by providing evidence that: (1) confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct; (2) confinement is necessary to avoid depreciating the seriousness of the offense or is necessary to provide an effective deterrence to others likely to commit similar offenses; or (3) measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. Tenn. Code Ann. § 40-35-103(1).

First, the trial court noted that due to his conviction for a crime against the person, attempted aggravated sexual battery, the Defendant was not eligible for the Community Corrections program. Tenn. Code Ann. § 40-36-106(a)(1). In consideration of a sentence of probation versus confinement, the trial court stated within its findings that these types of cases in which young children are involved are tragic, leaving a deep scar for the children to carry the rest of their lives. The trial

court noted that this was a very serious offense, particularly as the mother of the victim placed her confidence in the Defendant to care for her children. Obviously, the record demonstrated to the trial court the pain the victim was experiencing as the trial court expressed its desire that she receive counseling and treatment.

While the Defendant did state that his acts were wrong, the trial court sensed some hesitation on his behalf to fully admit his conduct. Truthfulness is certainly a factor which the court may consider in deciding whether to grant or deny probation. State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983) (*citing* State v. Poe, 614 S.W.2d 403, 404 (Tenn. Crim. App. 1981)). The trial court indicated that it did not place much credibility in portions of Defendant's testimony as Defendant was "hesitant to come to grips with a full admission of what went on." The Defendant's lack of candor when giving conflicting accounts to Bill Johnson in the presentence report and to the trial court while under oath is probative on the issue of amenability to rehabilitation, the motivation for probation pursuant to Tennessee Code Annotated section 40-35-103(5). See State v. Dowdy, 894 S.W.2d 301 (Tenn. Crim. App. 1994). For this reason alone, the decision of the trial court to order incarceration in the Department of Correction in this case is justified. We therefore affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge


_____
JOE G. RILEY, Judge