IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 23, 2001

## STATE OF TENNESSEE v. PHILLIP MICHAEL CISSON

**Direct Appeal from the Criminal Court for Anderson County**
**No. 99CR0393    James B. Scott, Jr., Judge**

---

**No. E2000-02138-CCA-R3-CD**
**July 26, 2001**

---

The defendant, Phillip Michael Cisson, entered pleas of guilt on two counts of burglary and two counts of theft over $1,000. The plea agreement provided for concurrent two-year sentences on each conviction. The single issue presented for review is whether the trial court erroneously denied probation. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed.**

GARY R. WADE, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Ann D. Coria, Assistant Public Defender, Clinton, Tennessee, for the appellant, Phillip Michael Cisson.

Paul G. Summers, Attorney General & Reporter; Angele M. Gregory, Assistant Attorney General; and Jan Hicks, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On May 2, 1999, the defendant broke into Apple Discount Drugs in Clinton and stole Lorcet, Lortab, Lorcet Plus, and hydrocodone tablets, all prescription drugs. The drugs had an estimated value in excess of $1,000. On June 24 of the same year, the defendant again broke into Apple Discount Drugs and stole Lorcet, Lortab, and Lorcet Plus tablets. The estimated value was again in excess of $1,000.

At the sentencing hearing, the defendant denied having a substance abuse problem and asserted that he had stolen the prescription pills in hopes of resale. He explained that he "had a lot of bills to pay" for "[f]ines and [c]ourt costs and thing's (sic)." The defendant had a prior record which included driving on a revoked license and simple possession of illegal drugs. It was also determined that the defendant had pending charges in Knox County for theft, burglary, and possession of a controlled substance with intent to sell or deliver. The defendant, who resides with

his mother and father, has a two-year-old son. At the time of the sentencing hearing, the defendant and his wife were in the process of divorcing and determining custody of the child.

At the conclusion of the proof, the trial court denied probation. The denial was based on the defendant's prior criminal history, including misconduct as a juvenile, and his "almost non-existent" employment record. In making its decision, the trial court also concluded that the defendant was on probation for another offense at the time he committed these offenses.

In this appeal, the defendant claims that the trial court abused its discretion by failing to grant probation and otherwise failed to sentence him in accordance with the Criminal Sentencing Reform Act of 1989. When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a <u>de novo</u> review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991); <u>see</u> <u>State v. Jones</u>, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." <u>State v. Shelton</u>, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are, of course, presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(b) (Supp. 2000).

Among the factors applicable to probation consideration are the circumstances of the offense, the defendant's criminal record, social history and present condition, and the deterrent effect upon and best interest of the defendant and the public. <u>State v. Grear</u>, 568 S.W.2d 285, 286 (Tenn. 1978). The nature and circumstances of the offenses may often be so egregious as to preclude the grant of probation. <u>See</u> <u>State v. Poe</u>, 614 S.W.2d 403, 404 (Tenn. Crim. App. 1981). A lack of candor may also militate against a grant of probation. <u>State v. Bunch</u>, 646 S.W.2d 158, 160 (Tenn. 1983).

In this instance, the trial court properly considered the relevant factors in sentencing the defendant. While the defendant was entitled to the presumption of alternative sentencing, his prior criminal history was considerable. In May of 1999, after the first Apple Discount Drugs theft but before the second, the defendant was convicted of theft in Knox County and placed on probation. In February of 1999, he had been convicted in Anderson County of driving on a revoked license. His record also included convictions for public intoxication and possession of drugs; each of these offenses was committed within eight months of each of the four crimes at issue. The presentence report includes a number of juvenile offenses between 1994, when the defendant was 13, and 1998. Furthermore, the defendant attended West High School but dropped out as soon as he was old

enough to do so. The presentence report indicates that he never passed a class while at that school. While the defendant denies that either alcohol or illegal drugs are a source of his problems, his record suggests otherwise. In our view, the trial court properly considered the principles of sentencing, including the defendant's social history, and correctly determined that probation be denied.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE