# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs March 22, 2016

## STATE OF TENNESSEE v. BRIAN ALLEN CATHEY

**Appeal from the Criminal Court for Sullivan County**
**No. S62562     R. Jerry Beck, Judge**

_____

### No. E2015-01284-CCA-R3-CD – Filed May 6, 2016

_____

Defendant, Brian Allen Cathey, pled guilty to possession with intent to sell or deliver over one-half ounce of marijuana and to possession with the intent to use drug paraphernalia in exchange for a one-year sentence as a Range I, standard offender with the manner of service of the sentence to be determined by the trial court after a sentencing hearing. The trial court denied alternative sentencing. On appeal Defendant challenges the denial of an alternative sentence. We determine that the trial court did not abuse its discretion. Consequently, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Steven M. Wallace, District Public Defender; Andrew J. Gibbons (on appeal) and Joseph F. Harrison (at trial), Assistant District Public Defenders, for the appellant, Brian Allen Cathey.

Herbert H. Slatery III, Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Barry P. Staubus, District Attorney General; and Andrea Black, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This is Defendant's direct appeal from the trial court's denial of an alternative sentence after Defendant pled guilty as charged to felony possession of marijuana and drug paraphernalia.

On January 14, 2014, the Sullivan County Grand Jury returned a two-count indictment against Defendant for possession with intent to sell or deliver over one-half ounce of marijuana and for possession with the intent to use drug paraphernalia. On April 25, 2015, Defendant pled guilty to both counts of the indictment in exchange for a sentence of one year as a Range I, standard offender and a fine of $2000 for the possession with intent to sell or deliver conviction and a sentence of eleven months and twenty-nine days with a 75% "jail release date" and a $150 fine on the possession with intent to use drug paraphernalia conviction. The sentences were ordered to run concurrently with the trial court to determine the manner of service of the sentence at a hearing.

Defendant stipulated to the following facts from the affidavit of complaint as the basis for the conviction:

On 07/10/2013 at 00:14 hours, Officer Mike Hickman (1535) responded to a Drugs/Narcotics Violation/Felony at 120 W Stone Dr. On this date I initiated a conversation with a male subject leaving the Roadrunner on [W]est [S]tone Dr. I spoke to the driver [D]efendant . . . and ask[ed] for his ID. During a pat down of the subject[']s pants I located a small baggie I believed to be crack cocaine. I then ask[ed] for consent to search the car. I ask[ed] the passenger to step out and I saw in plain view a large baggie containing marijuana. I then found a second baggie of marijuana in the console of the car. I then removed a third passenger . . . from the rear of the car and located another large baggie of marijuana. I then found a needle in the back pocket of the driver [D]efendant . . . . Defendant . . . was arrested and charged with possession of over ½ gram of cocaine[1], possession of over ½ oz of marijuana for resale and possession of drug paraphernalia.

Defendant, who was twenty-four years of age, testified at the sentencing hearing. Defendant received his GED in 2010 and participated in job training. After growing up in New York, Defendant spent some time in Tennessee before returning to New York. He was ultimately returned to Tennessee and placed in state custody. He acknowledged a prior history of drug abuse and addiction as well as a diagnosis of bipolar disorder as a juvenile. Defendant began using alcohol at age fifteen and marijuana at age twelve. At the time of sentencing, Defendant was a patient at the LaConte Recovery Center in Knoxville receiving treatment for an opioid addiction. At the time of his arrest, Defendant was employed as a roofer. He resigned from that job when he received the drug charges. Defendant expressed an intention to start his own landscaping business.

---

[1] It appears that the charge for cocaine was dismissed in General Sessions Court after the preliminary hearing.

The trial court noted that there was a previous denial of alternative sentencing on an aggravated burglary charge.[2] The trial court acknowledged Defendant's youth but commented on his prior record and failure at past drug rehabilitation attempts and their "effect on [Defendant's] propensity to commit crime." The trial court found that Defendant is "not eligible for probation . . . [b]ut looking at residential Community Corrections, considering prior efforts, prior drug treatment, [and] present drug treatment, [the] Court[] [i]s of the opinion that probation/alternative sentencing, including Community Corrections, should be denied."

Defendant filed a timely notice of appeal.

*Analysis*

On appeal, Defendant argues that the trial court abused its discretion by denying an alternative sentence where he was entitled to the presumption of being a favorable candidate for an alternative sentence and less restrictive measures had not "frequently" been unsuccessfully applied. The State, on the other hand, urges this Court to affirm the judgment of the trial court.

Appellate review of sentencing is for abuse of discretion and we must apply "a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012); *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012) (extending presumption of reasonableness to determinations regarding the manner of service of a sentence). Thus, under *Bise*, a "sentence should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 710.

Tennessee Code Annotated section 40-35-102(6)(A) states that a defendant who does not require confinement and "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary[.]" Here, Defendant entered guilty pleas to one Class E felony and one Class A misdemeanor as a standard offender. Accordingly, he was considered a favorable candidate for alternative sentencing. However, a trial court "shall consider, but is not bound by, the advisory sentencing guideline" in Tennessee Code Annotated section 40-35-102(6)(A). T.C.A. §

---

[2] The trial court's denial of alternative sentencing in the burglary case was subsequently upheld by this Court. *State v. Brian Allen Cathey*, No. E2014-02320-CCA-R3-CD, 2015 WL 6083193 (Tenn. Crim. App. Oct. 16, 2015). Defendant was on bond in that matter when he committed the offenses in the subject matter; thus the trial court correctly ordered the one-year sentence in the subject matter to be consecutive to the aggravated burglary sentence.

40-35-102(6)(D). A trial court should consider the following when determining whether there is "evidence to the contrary" indicating that an individual should not receive alternative sentencing:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

*Id.* § 40-35-103(1)(A)-(C); *see State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

A defendant is eligible for probation if the actual sentence imposed is ten years or less and the offense for which the defendant is sentenced is not specifically excluded by statute. T.C.A. § 40-35-303(a). The trial court shall automatically consider probation as a sentencing alternative for eligible defendants; however, the defendant bears the burden of proving his or her suitability for probation. *Id.* § 40-35-303(b). In addition, "the defendant is not automatically entitled to probation as a matter of law." *Id.* § 40-35-303(b), Sentencing Comm'n Cmts. Rather, the defendant must demonstrate that probation would "'serve the ends of justice and the best interest of both the public and the defendant.'" *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008) (quoting *State v. Housewright*, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)).

When considering probation, the trial court should consider the nature and circumstances of the offense, the defendant's criminal record, the defendant's background and social history, the defendant's present condition, including physical and mental condition, the deterrent effect on the defendant, and the best interests of the defendant and the public. *See State v. Kendrick*, 10 S.W.3d 650, 656 (Tenn. Crim. App. 1999) (citing *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978)). The principles of sentencing also require the sentence to be "no greater than that deserved for the offense committed" and "the least severe measure necessary to achieve the purposes for which the sentence is imposed." T.C.A. § 40-35-103(2), (4). In addition, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed[,]" and "[t]he length of a term of probation may reflect the length of a treatment or rehabilitation program in which participation is a condition of the sentence[.]" *Id.* § 40-35-103(5). Moreover, our supreme court has held that truthfulness is a factor which the court may consider in deciding whether to grant or deny probation. *State v. Bunch*, 646 S.W.2d

- 4 -

158, 160 (Tenn. 1983) (citing *State v. Poe*, 614 S.W.2d 403, 404 (Tenn. Crim. App. 1981)).

Based upon the pre-sentence report, the court found that Defendant had two prior felonies, which Defendant claimed related to a "family domestic situation." Defendant also admitted to a long history of drug abuse and was on bond at the time the offenses were committed. The trial judge expressed his doubt with regard to Defendant's ability to successfully complete an alternative sentence based on the fact that he had been involved in drug treatment programs in the past and they "didn't appear to have a lot of effect on his propensity to commit crime." The trial court noted that Defendant had additional pending charges the trial court did not and could not consider in fashioning the sentence. The record shows that the trial court considered the relevant sentencing considerations, and Defendant has not established that the trial court abused its discretion in denying alternative sentencing or "otherwise overcome the presumption of reasonableness afforded sentences [that] reflect a proper application of the purposes and principles of our statutory scheme." *See Caudle*, 388 S.W.3d at 280. Defendant is not entitled to relief.

*Conclusion*

Based on the foregoing analysis, we affirm the judgment of the trial court.

_____
TIMOTHY L. EASTER, JUDGE