IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 21, 2016

### STATE OF TENNESSEE v. ANTHONY HARVILLE

**Appeal from the Criminal Court for Smith County**
**No. 2013-CR-343   John D. Wootten, Jr., Judge**
_____

**No. M2015-02116-CCA-R3-CD – Filed August 9, 2016**
_____

Defendant, Anthony Harville, was convicted of three counts of the sale of a Schedule II controlled substance and received an effective sentence of fifteen years. Defendant appeals his convictions, challenging the sufficiency of the evidence and his sentence. After a review, we affirm the convictions and sentences.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Comer L. Donnell, District Public Defender; Michael W. Taylor, Assistant Public Defender, for the appellant, Anthony Nelson Harville.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Tom P. Thompson, District Attorney General; and Jason Lawson, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

In December of 2013, Defendant was indicted on one count of the sale of oxycodone and two counts of the sale of methamphetamine after a series of controlled buys with a confidential informant.

In all three transactions at issue herein, Derrick Goolsby acted as the primary confidential informant. His girlfriend, Elizabeth Domiano, was the driver of the car used for transportation during the drug purchases. Prior to becoming a confidential informant, Mr. Goolsby was arrested on methamphetamine-related charges. He agreed to serve as a

confidential informant in return for a recommendation from the Drug Task Force for favorable treatment on his sentence.

On May 15, 2013, Mr. Goolsby and Ms. Domiano met with the Drug Task Force. In preparation for the controlled drug transaction, law enforcement personnel searched Mr. Goolsby and his car. He was given $100 for the controlled buy with Defendant. Ms. Domiano was the driver of the car because Mr. Goolsby did not have a driver's license. She was not searched. However, she agreed to confidential informant terms and conditions and was subject to search. Both Mr. Goolsby and Ms. Domiano were fitted with recording devices.

The pair met Defendant on Bright Street in South Carthage, near Defendant's residence. Mr. Gooslsby and Ms. Domiano drove to the meeting location in their car and waited to be approached by Defendant. Soon thereafter, Defendant handed Mr. Goolsby nine oxycodone pills wrapped in a paper towel in exchange for the money provided by the task force. Defendant also arranged a future "ice" purchase. Mr. Goolsby testified that ice, "on the street, refers to a different form of methamphetamine generally believed to be more pure and it looks like shards of glass or shard of ice, . . . [from] a difference in the finishing process and manufacturing it."

Mr. Goolsby returned to the meeting location with the Drug Task Force. He was searched and turned over the pills provided by Defendant during the controlled buy. In exchange for his cooperation, law enforcement personnel paid Mr. Goolsby $100. Ms. Domiano did not receive any remuneration for her participation. The controlled buy was taped with both video and audio recording devices. The pills were sent to the Tennessee Bureau of Investigation ("TBI") for analysis and were determined to be oxycodone.

On June 5, 2013, the same procedure was followed. Mr. Goolsby and Ms. Domiano were fitted with recording devices and travelled to the prearranged meeting spot in the car. During this transaction, Mr. Goolsby purchased methamphetamine in the form of ice from Defendant for $100. The drugs were bagged and sent to TBI for analysis. The TBI confirmed the weight as .22 grams of methamphetamine.

Lastly, on June 12, 2015, Mr. Goolsby again purchased ice from Defendant under the direction of the Drug Task Force. The transaction was again recorded. The substance was confirmed as .14 grams of methamphetamine by the TBI.

At the conclusion of the jury trial, Defendant was convicted of all three offenses as charged in the indictment. The trial court sentenced Defendant to three years for the sale of oxycodone and six years on each count of the sale of methamphetamine, to be served consecutively, for a total effective sentence of fifteen years. The trial court denied Defendant's motion for new trial. Defendant filed a timely notice of appeal.

*Analysis*

## I. Sufficiency of the Evidence

On appeal Defendant alleges that the evidence was insufficient to support the convictions. Specifically, Defendant argues that there was "reasonable doubt that [Defendant] committed the offenses" because Ms. Domiano "was never searched before or after any of the alleged drug buys," and she was "capable of concealing drugs and money on her person." Defendant suggests that Ms. Domiano had an incentive to keep Mr. Goolsby out of jail because she was pregnant with his child. As a result of this possibility, Defendant insists that reasonable doubt exists as to his guilt. The State disagrees.

At the outset, we note that Defendant's brief contains a mere one sentence statement of the standard of review for the sufficiency of the evidence. Ordinarily, "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b). We caution Defendant that following the rules of this Court is the safest way to ensure a full resolution of the issues presented on appeal. However meager the brief on appeal, we determine Defendant has presented this Court with a brief adequate enough to result in a resolution of the issues.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The jury's verdict replaces the presumption of innocence with one of guilt; therefore, the burden is shifted onto the defendant to show that the evidence introduced at trial was insufficient to support such a verdict. *State v. Reid*, 91 S.W.3d 247, 277 (Tenn. 2002). The prosecution is entitled to the "'strongest legitimate view of the evidence and to all reasonable and legitimate inferences that may be drawn therefrom.'" *State v. Goodwin*, 143 S.W.3d 771, 775 (Tenn. 2004) (quoting *State v. Smith*, 24 S.W.3d 274, 279 (Tenn. 2000)). It is not the role of this Court to reweigh or reevaluate the evidence, nor to substitute our own inferences for those drawn from the evidence by the trier of fact. *Reid*, 91 S.W.3d at 277. Questions concerning the "'credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact.'" *State v. Wagner*, 382 S.W.3d 289, 297 (Tenn. 2012) (quoting *State v. Campbell*, 245 S.W.3d 331, 335 (Tenn. 2008)). "'A guilty verdict by the jury, approved by the trial court, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the prosecution's theory.'" *Reid*, 91 S.W.3d at 277

(quoting *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997)). This standard of review applies whether the conviction is based upon direct evidence, circumstantial evidence, or a combination of the two. *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011); *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009).

Viewing the evidence in the light most favorable to the State, the videotape and audio recording of the controlled drug transactions entered into evidence at trial bolster Mr. Goolsby's testimony that Defendant sold him the drugs on all three occasions. Ms. Domiano's testimony also supported this theory. The jury was aware that Ms. Domiano was not individually searched prior to each controlled drug purchase. Moreover, the weight and content of the drugs was confirmed by the TBI. The jury obviously accredited the testimony of the State's witnesses. It is not within our purview to question the credibility determination made by the jury. *Smith*, 24 S.W.3d at 279 (citing *Liakas v. State*, 286 S.W.2d 856, 859 (Tenn. 1956). Therefore, we conclude that the evidence was sufficient to support the convictions.

## *II. Sentencing*

Next, Defendant argues that the trial court improperly enhanced his sentence, failed to consider mitigating factors, erred in finding that a sentence of confinement was necessary in order to avoid depreciating the seriousness of the offense, and improperly failed to order an alternative sentence.

Initially, we point out that Defendant's brief mischaracterizes the standard of review with regard to sentencing as de novo. Under current law, when a defendant challenges the length or manner of service of a within-range sentence, this Court reviews the trial court's sentencing decision under an abuse of discretion standard with a presumption of reasonableness. *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012); *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). This presumption applies to "within-range sentencing decisions that reflect a proper application of the purposes and principles of the Sentencing Act." *Bise*, 380 S.W.3d at 707. A trial court abuses its discretion in sentencing when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." *State v. Shuck*, 953 S.W.2d 662, 669 (Tenn. 1997) (citing *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996)). This deferential standard does not permit an appellate court to substitute its judgment for that of the trial court. *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998). The defendant bears the burden of proving that the sentence is improper. T.C.A. § 40-35-101, Sentencing Comm'n Cmts.

In reaching its decision, the trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4)

the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. *See* T.C.A. § 40-35-102, -103, -210(b); *see also Bise*, 380 S.W.3d at 697-98. Additionally, the sentence imposed "should be no greater than that deserved for the offense committed" and also "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." T.C.A. § 40-35-103(2), (4).

This Court will uphold the sentence "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 709-10. The weighing of various enhancement and mitigating factors is within the sound discretion of the trial court. *State v. Carter*, 254 S.W.3d 335, 345 (Tenn. 2008). The misapplication of an enhancement or mitigating factor by the trial court "does not invalidate the sentence imposed unless the trial court wholly departed from the 1989 Act, as amended in 2005." *Bise*, 380 S.W.3d at 706.

Defendant's sentences are within the applicable ranges. Defendant was convicted of three Class C felonies as a standard offender. As such, he was subject to a range of punishment from three to six years on each offense. *See* T.C.A. § 40-35-112(a)(3). The trial court identified several enhancement factors on the record and considered the principles and purposes of the Sentencing Act. The trial court applied enhancement factor (1), that Defendant had a previous history of criminal convictions in addition to those necessary to establish the appropriate range, because the presentence report indicated that Defendant had at least seventeen prior criminal convictions, including one felony conviction for the sale of cocaine, going back a period of seventeen years. *See id.* § 40-35-114(1). Additionally, according to the presentence report, Defendant previously had a sentence of probation revoked. *See id.* § 40-35-114(8). The trial court also noted that Defendant had no hesitation about committing a crime when the risk to human life was high because he was dealing in "poison." *See id.* § 40-35-114(10). The trial court did not find that any mitigating factors were applicable, including those proffered by defense counsel—remorse and the fact that Defendant had a family. The trial court noted that Defendant did not express any remorse for the crimes committed. Lastly, the trial court specifically noted that confinement was necessary in order to avoid depreciating the seriousness of the offense. Based on the record, the trial court did not abuse its discretion in determining the length of Defendant's sentences.

With regard to consecutive sentencing, our supreme court has held that "the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to consecutive sentencing determinations" "if [the trial court] has provided reasons on the

record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b)[.]" *State v. Pollard*, 432 S.W.3d 851, 859-62 (Tenn. 2013). In other words, the imposition of consecutive sentencing is subject to the general sentencing principles that the overall sentence imposed "should be no greater than that deserved for the offense committed" and that it "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed[.]" T.C.A. § 40-35-103(2), (4). Further, "[s]o long as a trial court properly articulates reasons for ordering consecutive sentences, thereby providing a basis for meaningful appellate review, the sentences will be presumed reasonable and, absent an abuse of discretion, upheld on appeal." *Pollard*, 432 S.W.3d at 862 (citing Tenn. R. Crim. P. 32(c)(1) ("The order [for consecutive sentences] shall specify the reasons for this decision and is reviewable on appeal.")); *see also Bise*, 380 S.W.3d at 705.

In this case, the trial court determined consecutive sentences were necessary because Defendant was a professional criminal, had an extensive criminal history, and was a dangerous offender. "Any one of these grounds is a sufficient basis for the imposition of consecutive sentences." *Pollard*, 432 S.W.3d at 862 (citing *State v. Dickson*, 413 S.W.3d 735, 748 (Tenn. 2013)). However, when consecutive sentencing is imposed based upon the dangerous offender classification, *see* T.C.A. § 40-35-115(b)(4), the record must also demonstrate that the total sentence is "reasonably related to the severity of the offenses" and "necessary in order to protect the public from further criminal acts" by the defendant. *Pollard*, 432 S.W.3d at 863; *see also State v. Wilkerson*, 905 S.W.2d 933, 939 (Tenn. 1995). "The need for the additional findings before imposing consecutive sentencing on the basis of the 'dangerous offender' provision arises, in part, from the fact that this category 'is the most subjective and hardest to apply.'" *State v. Imfeld*, 70 S.W.3d 698, 708 (Tenn. 2002) (quoting *State v. Lane*, 3 S.W.3d 456, 461 (Tenn. 1999)).

In our view, the trial court made the requisite *Wilkerson* findings to support its determination that Defendant is a dangerous offender. The trial court found that Defendant's behavior of being involved in the sale of methamphetamine was akin to "dealing in poison" and "indicates little or no regard for human life and no hesitation about committing a crime where the risk to human life is great" because it "affects not just the seller, but the customer, and it affects those that make it." The trial court determined that confinement was necessary to protect the public from further criminal acts and was reasonably related to the severity of the offense. In addition, the trial court named two other statutory reasons for ordering Defendant to serve the sentences consecutively—that Defendant was a professional criminal and had an extensive criminal history. The trial court commented that the "professional criminal" finding was the "weaker of the three factors" but nevertheless determined that Defendant was a professional criminal. The trial court did not abuse its discretion in sentencing Defendant consecutively.

Lastly, with regard to the denial of an alternative sentence, we acknowledge that Defendant in this case was eligible for probation because the actual sentence imposed for each conviction was ten years or less and the offenses for which the defendant was sentenced are not specifically excluded by statute. T.C.A. § 40-35-303(a); *State v. Langston*, 708 S.W.2d 830, 832-33 (Tenn. 1986) (concluding that a defendant is eligible for probation if each of the sentences is ten years or less regardless of the effective sentence). The trial court shall automatically consider probation as a sentencing alternative for eligible defendants; however, the defendant bears the burden of proving his or her suitability for probation. *Id.* § 40-35-303(b). In addition, "the defendant is not automatically entitled to probation as a matter of law." *Id.* § 40-35-303(b), Sentencing Comm'n Cmts. Rather, the defendant must demonstrate that probation would "'serve the ends of justice and the best interest of both the public and the defendant.'" *State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008) (quoting *State v. Housewright*, 982 S.W.2d 354, 357 (Tenn. Crim. App. 1997)).

When considering probation, the trial court should consider the nature and circumstances of the offense, the defendant's criminal record, the defendant's background and social history, the defendant's present condition, including physical and mental condition, the deterrent effect on the defendant, and the best interests of the defendant and the public. *See State v. Kendrick*, 10 S.W.3d 650, 656 (Tenn. Crim. App. 1999) (citing *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978)). The principles of sentencing also require the sentence to be "no greater than that deserved for the offense committed" and "the least severe measure necessary to achieve the purposes for which the sentence is imposed." T.C.A. § 40-35-103(2), (4). In addition, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed[,]" and "[t]he length of a term of probation may reflect the length of a treatment or rehabilitation program in which participation is a condition of the sentence[.]" *Id.* § 40-35-103(5). Moreover, our supreme court has held that truthfulness is a factor which the court may consider in deciding whether to grant or deny probation. *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983) (citing *State v. Poe*, 614 S.W.2d 403, 404 (Tenn. Crim. App. 1981)).

Based upon the pre-sentence report, the trial court found that Defendant had seventeen prior offenses. The trial court expressed doubt with regard to Defendant's ability to be rehabilitated based on the fact that he had been involved in drug treatment programs in the past and that they "obviously" did not work. The record shows that the trial court considered the relevant sentencing considerations, and Defendant has not established that the trial court abused its discretion in denying alternative sentencing or "otherwise overc[a]me the presumption of reasonableness afforded sentences [that]

reflect a proper application of the purposes and principles of our statutory scheme." *See Caudle*, 388 S.W.3d at 280. Defendant is not entitled to relief.

## *Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.

_____
TIMOTHY L. EASTER, JUDGE