IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 23, 2002

## STATE OF TENNESSEE v. VINSON TAYLOR

**Appeal from the Circuit Court for Dyer County**
**No. C99-148     R. Lee Moore, Jr., Judge**

---

**No. W2001-01551-CCA-R3-PC  - Filed March 5, 2002**

---

On June 23, 1999, the defendant, Vinson Taylor, pled guilty to the sale of cocaine in excess of .5 grams, a Class B felony. The trial court imposed a sentence of eight years. Almost ten months later, the defendant filed a petition for post-conviction relief. On appeal from an order denying post-conviction relief, this court granted a delayed appeal based upon the failure of trial counsel to file a timely appeal. Vinson Taylor v. State, No. W2000-01991-CCA-R3-PC (Tenn. Crim. App., at Jackson, May 3, 2001).  In this delayed appeal, the defendant contends that the trial court should have granted alternative sentencing. The judgment is affirmed.

## Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

C. Michael Robbins, Memphis, Tennessee (on appeal); Jim W. Horner, District Public Defender (on appeal); H. Tod Taylor, Assistant Public Defender (on appeal); and Charles M. Agee, Jr., Dyersburg, Tennessee (at trial), for the appellant, Vinson Taylor.

Paul G. Summers, Attorney General & Reporter; P. Robin Dixon, Jr., Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

### OPINION

On November 3, 1998, the defendant sold cocaine in an amount over .5 grams. After the defendant pled guilty, the trial court imposed a sentence of eight years. At the time of this offense, the defendant was on parole for two Class C felony cocaine sales for which he had received an effective sentence of four years. The eight-year sentence was ordered to be served consecutively to the earlier sentence. See Tenn. R. Crim. P. 32(c)(3)(A).

At the time of the sentencing hearing on this offense, the defendant was 19 years of age. One of six children, the defendant testified that he had an eighth grade education and no prior work history. He acknowledged that he had abused drugs since he was 13 years of age. The defendant also acknowledged that he had a prior criminal history in juvenile court which included two thefts under $10,000.00, a vehicle burglary, and the sale of crack cocaine. Because the defendant had never had the opportunity to participate in an in-treatment drug abuse program, he asked the trial court to consider such treatment as an alternative sentence. By the time of the hearing on July 23, 1999, the defendant had spent 77 days in jail. The defendant conceded that as a juvenile, he had been placed in the custody of the Department of Children's Services, had been released on probation, and had then violated the terms of probation. After the second release from juvenile custody, he was charged as an adult at age 16 for two counts of selling cocaine. He received a prison sentence but was released in September of 1998 on parole. Two months after his release, he was charged with the offense in question. The defendant was living with his mother at the time and the sale took place just outside her residence.

The trial court ruled that three enhancement factors applied:

(1)    The defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range;
(13)    The felony was committed while the defendant was on parole; and
(20)    The defendant was adjudicated to have committed a delinquent act or acts as a juvenile that would constitute a felony if committed by an adult.

See Tenn. Code Ann. § 40-35-114. The trial court applied as a mitigating factor the defendant's acceptance of responsibility for his criminal act. See Tenn. Code Ann. § 40-35-113(13). While the trial court listed general deterrence as a reason to incarcerate the defendant, it also cited his long history of criminal conduct and expressed a concern that a lesser sentence would depreciate the seriousness of this offense. The trial court determined that measures less restrictive than incarceration had failed, indicating that the defendant had a "very poor" potential for rehabilitation.

In this appeal, the defendant argues that he has no history of violent behavior and argues that he should be placed in a community-based program as an alternative to incarceration. The state argues that a community corrections sentence is inappropriate because the defendant has violated the terms of probation or parole on at least three prior occasions and resumed selling cocaine less than two months following his release on parole for a four-year sentence.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v.

<u>Shelton</u>, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; <u>State v. Smith</u>, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Especially mitigated or standard offenders convicted of Class B felonies are, of course, presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(b) (Supp. 2000).

Among the factors applicable to probation consideration are the circumstances of the offense, the defendant's criminal record, social history and present condition, and the deterrent effect upon and best interest of the defendant and the public. <u>State v. Grear</u>, 568 S.W.2d 285, 286 (Tenn. 1978). The nature and circumstances of the offenses may often be so egregious as to preclude the grant of probation. <u>See</u> <u>State v. Poe</u>, 614 S.W.2d 403, 404 (Tenn. Crim. App. 1981). A lack of candor may also militate against a grant of probation. <u>State v. Bunch</u>, 646 S.W.2d 158, 160 (Tenn. 1983).

The purpose of the Community Corrections Act of 1985 was to provide an alternative means of punishment for "selected, nonviolent felony offenders in front-end community based alternatives to incarceration." Tenn. Code Ann. § 40-36-103. The community corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant and serve legitimate societal aims. <u>State v. Griffith</u>, 787 S.W.2d 340, 342 (Tenn. 1990). Even in cases where the defendant meets the minimum requirements of the Community Corrections Act of 1985, the defendant is not necessarily entitled to be sentenced under the Act as a matter of law or right. <u>State v. Taylor</u>, 744 S.W.2d 919 (Tenn. Crim. App. 1987). The following offenders are eligible for community corrections:

>        (1) Persons who, without this option, would be incarcerated in a correctional institution;
>        (2) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;
>        (3) Persons who are convicted of nonviolent felony offenses;
>        (4) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

(5) Persons who do not demonstrate a present or past pattern of behavior indicating violence;

(6) Persons who do not demonstrate a pattern of committing violent offenses; and

Persons who are sentenced to incarceration or on escape at the time of consideration will not be eligible.

Tenn. Code Ann. § 40-36-106(a).

Tennessee Code Annotated section 40-36-106(c) creates a "special needs" category of eligibility for a community corrections sentence:

Felony offenders not otherwise eligible under subsection (a), and who would be usually considered unfit for probation due to histories of a chronic alcohol, drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution, may be considered eligible for punishment in the community under the provisions of this chapter.

Tenn. Code Ann. § 40-36-106(c).  To be eligible for community corrections under the special needs category, the defendant must first be eligible for probation under Tenn. Code Ann. § 40-35-303. State v. Staten, 787 S.W.2d 934, 936 (Tenn. Crim. App. 1989).

In Ashby, our supreme court encouraged the grant of considerable discretionary authority to our trial courts in matters such as these.  823 S.W.2d at 171; see State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).  "[E]ach case must be bottomed upon its own facts."  Taylor, 744 S.W.2d at 922.  "It is not the policy or purpose of this court to place trial judges in a judicial straight-jacket in this or any other area, and we are always reluctant to interfere with their traditional discretionary powers." Ashby, 823 S.W.2d at 171.

In this instance, the trial court considered the principles governing the sentencing, observed the defendant, considered the presentence report, and determined that the defendant's prior criminal acts and lack of amenability to rehabilitation militated against a community corrections sentence. That the defendant failed to adhere to conditions of release to probation or parole on three separate occasions was the primary basis for denial.  In our view, the defendant's failure in that regard demonstrates that he is a poor risk for any sentencing alternative involving release into the community.  Nothing in this record suggests that drug treatment is an absolute remedy.  Although the defendant qualified for an alternative sentence and there was evidence of a special need due to his drug abuse, the trial court is entitled to considerable discretion in matters such as this.

Accordingly, the judgment must be affirmed.

_____
GARY R. WADE, PRESIDING JUDGE