IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 14, 2004

## STATE OF TENNESSEE v. ALLEN KEN KINNEY, III

**Appeal from the Circuit Court for Obion County**
**Nos. 3-314 & 3-315   William B. Acree, Jr.,  Judge**

_____

**No. W2004-00215-CCA-R3-CD  - Filed November 24, 2004**

_____

The defendant, Allen Ken Kinney, III, entered pleas of guilt to two counts of sale of a controlled substance, .5 grams or more of a substance containing cocaine, a Schedule II drug. See Tenn. Code Ann. § 39-17-417(A)(3).  The trial court imposed concurrent, Range I, eight-year sentences on each of the two Class B felonies, requiring twelve months in jail, less thirty-nine days of pretrial jail credit, with the balance to be served on probation.[1]  The sentences were ordered to be served concurrently with a sentence imposed in Kentucky.  In this appeal, the defendant complains that the term of incarceration was excessive.  The judgments are affirmed.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Joseph P. Atnip, District Public Defender, for the appellant, Allen Ken Kinney, III.

Paul G. Summers, Attorney General & Reporter; Renee W. Turner and Mike Davis, Assistant Attorneys General; and James Cannon, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The indictment charged that on July 31, 2004, the defendant sold 0.9 grams of cocaine to Rachelle Davis, an agent with the Drug Task Force in the 27th Judicial District.  The defendant was also accused of having made a second sale four days later, of 1.0 gram to the same agent.  The consideration paid for each transaction was $100.00.

---

[1]The brief of the appellant suggests that Westate Corrections Network, a community corrections provider, is to supervise probation.

At the sentencing hearing, it was established that as part of the plea agreement and prior to the final imposition of the sentence, the defendant was to be released from jail on his own recognizance. It was the intention of the state to provide the defendant with the opportunity to assist the drug task force in their investigation of other suspects. Because, however, those individuals refused to deal with the defendant, he was unable to "make any cases."

At the time of the offenses at issue, the defendant was serving a ten year suspended term for the sale of a controlled substance from the Commonwealth of Kentucky. According to the defendant, additional charges had been placed against him in Kentucky by the time he entered his pleas of guilt in Tennessee. There had been no disposition of the Kentucky charges at the time of the final sentencing hearing in this state. It was established at the hearing that the defendant had four prior misdemeanor convictions, including two disorderly conduct offenses and two terroristic, threatening offenses in regard to an altercation with a girlfriend's stepfather. The sentencing report indicated that the unmarried defendant, thirty-three years of age at the time of the hearing, was the father of a son who was nine and a daughter who was one and a half at the time sentence was imposed. The report established that the defendant had graduated from high school in 1990, was in good health, other than carpal tunnel syndrome which had resulted in surgery on his right hand, and had an employment record that included five years of service at Dura Automotive Systems, Inc., and a year at the Kohler Company. The record also suggests that the defendant did attempt to assist the drug task force with other investigations, but that the suspects, who were concerned that the defendant was assisting the police, would not cooperate. Officer David Crocker of the South Fulton Police Department confirmed at the hearing that the individuals who had refused to deal with the defendant were the "two biggest drug dealers in our area."

While the defendant argued that prior to the sentencing hearing the state had agreed to recommend a reduction of the period of incarceration to time served in a jail, he acknowledged that the trial court had not given its approval to the specifics of the plea agreement. The record indicates that the sentence in Kentucky is either five or ten years. The state argued that the plea agreement, which provided for an eight-year sentence, provided that the term of incarceration was to be determined by the trial court only after the defendant's effort with the task force officers could be evaluated. At the conclusion of the hearing, the trial court took into consideration that the defendant had indeed attempted to assist the drug task force with an investigation but was unsuccessful. It ruled that because the defendant had one felony offense in Kentucky involving the sale of illegal drugs and four misdemeanor offenses and because there was a mitigating factor, one year in the county jail, less jail credits of thirty-nine days, with the remainder to be served on probation was appropriate.

In this appeal, the defendant concedes that his pleas of guilt were not binding upon the trial court. See Tenn. R. Crim. P. 11(e)(4). It is his contention, however, that his good faith effort to assist the drug task force should have resulted in a lesser term in jail.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by

the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 116, 123 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-55-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are, of course, presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(b).

Among the factors applicable to probation consideration are the circumstances of the offense, the defendant's criminal record, social history and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285 (Tenn. 1978). The nature and circumstances of the offense may often be so egregious as to preclude the grant of probation. See State v. Poe, 614 S.W.2d 403 (Tenn. Crim. App. 1981). A lack of candor may also militate against a grant of probation. State v. Bunch, 646 S.W.2d 158 (Tenn. 1983).

Moreover, in Ashby, our supreme court encouraged the grant of considerable discretionary authority to our trial courts in matters such as these. 823 S.W.2d at 171; see State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986). "[E]ach case must be bottomed upon its own facts." State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). "It is not the policy or purpose of this court to place trial judges in a judicial straight-jacket in this or any other area, and we are always reluctant to interfere with their traditional discretionary powers." Ashby, 823 S.W.2d at 171. The defendant bears the burden of showing the impropriety of the sentence imposed. State v. Gregory, 862 S.W.2d 574, 578 (Tenn. Crim. App. 1993).

In this instance, the record establishes that the plea agreement contemplated that the trial court would determine the manner of service of the sentences at the conclusion of the defendant's efforts to assist the task force. While indignant that the state refused to recommend probation based upon thirty-nine days of pre-trial incarceration and the good faith effort on his part to assist the task

force in its investigation, the defendant has conceded that the trial court was not bound by the terms of the agreement to any particular period of incarceration.

This court cannot afford relief. Initially, the defendant has failed to make the transcript of the hearing on the guilty plea a part of the record. It is, of course, the duty of the defendant to provide a record which conveys a fair, accurate, and complete account of what transpired regarding the issues forming the basis for the appeal. Tenn. R. App. P. 24(b); State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). Moreover, the prior record of the defendant suggests that the term of incarceration was not excessive. While on release for a felony sentence in Kentucky, the defendant sold illegal drugs on two separate occasions in Tennessee. Some leniency was afforded when the sentences in this state were ordered to be served concurrently with each other and concurrently with the Kentucky sentence. Under these circumstances, this court cannot conclude that the term of incarceration was excessive. Accordingly, the judgments are affirmed.

 

_____
GARY R. WADE, PRESIDING JUDGE