IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 9, 2003

## STATE OF TENNESSEE v. TRACEY MICHAEL FULCHER

**Appeal from the Circuit Court for Dyer County**
**No. C02-154     Lee Moore, Judge**

_____

**No. W2003-00061-CCA-R3-CD  - Filed August 6, 2003**

_____

The defendant, Tracey Michael Fulcher, charged with aggravated kidnapping and rape, pled guilty to attempted rape. The trial court imposed a Range I sentence of four years, with all but one year suspended. In this appeal of right, the defendant contends that his four-year sentence is excessive and that the trial court erred by denying full probation. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Charles S. Kelly, Sr., Dyersburg, Tennessee, for the appellant, Tracey Michael Fulcher.

Paul G. Summers, Attorney General & Reporter; Kathy D. Aslinger, Assistant Attorney General; and Phil Bivens, District Attorney General, for the appellee, State of Tennessee.

### OPINION

Because the defendant entered a "best-interest" plea of guilt after the first day of trial, the facts upon which the convictions were based were not recited at the plea acceptance hearing. Furthermore, a transcript of the trial testimony prior to the plea is not in the record. The pre-sentence report and transcript of the sentencing hearing, however, provide facts adequate for a determination on the merits of each issue presented for review.

The defendant and the victim, Nicole Leigh Fulcher, were married in 1997 and divorced in 2001. On April 2, 2002, the defendant persuaded the victim to give him a ride to her residence. After they arrived, the defendant forcibly entered the residence, strangled the victim to the point of unconsciousness, and raped her. When the victim regained consciousness, she was in a bathtub with an electrical appliance nearby. The defendant, who was charged with rape and aggravated kidnapping, entered a "best-interest" plea to an amended charge of attempted rape.

At the conclusion of the sentencing hearing, the trial court found two enhancement factors: (16) that the defendant abused a position of private trust; and (17) that the defendant committed the crime under circumstances where the potential for bodily injury to a victim was great. See Tenn. Code Ann. § 40-35-114(16), (17) (Supp. 2002). As the sole mitigating factor, the trial court found that the defendant had no prior convictions. See Tenn. Code Ann. § 40-35-113(13). Finding that the enhancement factors outweighed the mitigating factors, the trial court ordered a Range I sentence of four years, one year in the Dyer County jail followed by three years on supervised probation.

Initially, the defendant contends that his sentence was excessive because enhancement factor (17), that the potential for bodily injury to a victim was great, is an essential element of aggravated rape. The state asserts that the trial court's determination is supported by the record and that the sentence is warranted by the circumstances.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

In calculating the sentence for a Class B, C, D, or E felony conviction, the presumptive sentence is the minimum in the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If there are enhancement but no mitigating factors, the trial court may set the sentence above the minimum, but still within the range. Tenn. Code Ann. § 40-35-210(d). A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-210(e). The sentence must then be reduced within the range by any weight assigned to the mitigating factors present. Id.

Citing State v. Williams, 920 S.W.2d 247, 261 (Tenn. Crim. App. 1995), the defendant asserts that the trial court erred by applying enhancement factor (17), that the potential for bodily injury was great, to his conviction for attempted rape. In Williams, however, the defendant was

convicted of aggravated rape, not an attempt; the holding is, therefore, distinguishable.  In this instance, the defendant attempted rape.  Rape is defined as unlawful sexual penetration of a victim by the defendant where force or coercion is used to accomplish the act.  Tenn. Code Ann. § 39-13-503.  A person commits a criminal attempt when, acting with the degree of culpability otherwise required for the offense, he

> (1) Intentionally engages in action or causes a result that would constitute an offense if the circumstances surrounding the conduct were as the person believes them to be;

> (2) Acts with intent to cause a result that is an element of the offense, and believes  the conduct will cause the result without further conduct on the person's part; or

> (3) Acts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes as substantial step toward the commission of the offense.

Tenn. Code Ann. § 39-12-101(a).  A potential for bodily injury is not required for an attempted rape conviction.  Enhancement factor (17) is not an essential element of attempted rape.  Because there was evidence that the defendant strangled the victim to the point of unconsciousness, the trial court did not err by applying enhancement factor (17) to the conviction.

Attempted rape, a class C felony, has a Range I sentencing range of three to six years.  See Tenn. Code Ann. §§ 39-12-101, 40-35-112(a)(3).  Here there are two enhancement factors applicable, both of which are entitled to some weight.  That the defendant left the victim unconscious and unattended in a bathtub is significant.  An enhanced term within the statutory range is warranted.  In our view, the imposed sentence of four years, one year above the minimum, is appropriate here.

Next, the defendant contends that the trial court erred by denying total probation.  Especially mitigated or standard offenders convicted of Class C, D, or E felonies are, of course, presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6).  With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less.  Tenn. Code Ann. § 40-35-303(b).

Among the factors applicable to probation consideration are the circumstances of the offense, the defendant's criminal record, social history and present condition, and the deterrent effect upon and best interest of the defendant and the public.  State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978).  The nature and circumstances of the offense may often be so egregious as to preclude the grant of probation.  See State v. Poe, 614 S.W.2d 403, 404 (Tenn. Crim. App. 1981).  A lack of candor may also militate against a grant of probation.  See State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983).

Moreover, in Ashby, our supreme court encouraged the grant of considerable discretionary authority to our trial courts in matters such as these. 823 S.W.2d at 171; see also State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986). "[E]ach case must be bottomed upon its own facts." State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1989). "It is not the policy or purpose of this court to place trial judges in a judicial straight-jacket in this or any other area, and we are always reluctant to interfere with their traditional discretionary powers." Ashby, 823 S.W.2d at 171.

In denying the request for probation, the trial court found confinement necessary to avoid depreciating the seriousness of the offense and to protect the interest of society. Because the defendant planned the crime, choked the victim to the point of unconsciousness and attempted to rape her, the grant of immediate probation would tend to trivialize the seriousness of his misdeeds. Further, the defendant warned the victim that if she reported the rape to the police, he would kill her. In our view, a sentence of total probation would not have been in the best interest of the public.

Accordingly, the judgment is affirmed.


_____
GARY R. WADE, PRESIDING JUDGE