# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
September 9, 2003 Session

## STATE OF TENNESSEE v. JAMES THOMAS PRATT

**Appeal from the Circuit Court for Henry County**
**No. 13301     Julian P. Guinn, Judge**

---

**No. W2002-02161-CCA-R3-CD**

---

The defendant, James Thomas Pratt, entered pleas of guilt to manufacturing a controlled substance and vandalism between $1,000 and $10,000. See Tenn. Code Ann. §§ 39-17-417(a)(1)(G)(1), 39-14-408(a). The trial court imposed Range I sentences of one and two years respectively and granted probation after a term of 90 days in jail. In this appeal of right, the defendant contends that he should be granted immediate probation because the trial court failed to articulate its reasons for the 90-day period of incarceration. The judgments of the trial court are affirmed.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JERRY L. SMITH and JOE G. RILEY, JJ., joined.

Victoria L. DiBonaventura, Paris, Tennessee, for the appellant, James Thomas Pratt.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General; and Steve L. Garrett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The record contains few facts about the underlying convictions. The first count of the indictment charges that the defendant illegally manufactured 1,288 grams of marijuana in March of 2001. The defendant was also charged with possession of drug paraphernalia and vandalism of property owned by Abbes Zolfagharbik in connection with a marijuana growing operation. The vandalism charge estimated damages between $10,000 and $60,000.

In his version of the offense in the presentence report, the defendant, age 46, claimed that he had suffered a variety of chronic ailments over a period of ten years which required continual medical treatment. He reported side effects from his medication including severe headaches, internal bleeding, cramps, a failing immune system, and other physical infirmities. Although the defendant had been denied a disability claim, he provided medical documentation that he suffered from heart

disease, severe depression, and degenerative disc disease. He admitted that he used marijuana at the rate of one to three cigarettes a day for the purpose of pain management. The arresting officer described the confiscated marijuana as "nearly three pounds of finished product."

In response to questioning at the sentencing hearing, the defendant acknowledged trying to grow the marijuana. He claimed that, "It died and I raked it off and I [threw] it in a bag and there is where they found it . . . ." The defendant attempted to minimize his culpability, claiming that "it was nothing but leaves." When the trial court asked what he intended to do with such a large amount of marijuana, the defendant responded as follows:

> Sir, whenever somebody tells you that you are not going to live for a long . . . period of time, they tell you of your own demise, you can see the end of it and that is what my doctors have told me and I asked them prior to that, I said, Is there anything that you guys can give me? They gave me medication for several different things and one counteracts the other and whenever it does you have terrible side effects: vomiting, diarrhea.

At the conclusion of the questioning, the trial court determined that there were neither enhancement factors nor mitigating factors applicable. While acknowledging that this was "an appropriate case for alternative sentencing," the trial court ordered confinement for 90 days with the balance to be served on supervised probation. In this appeal, the defendant insists that he was entitled to immediate probation and complains that the trial court failed to adequately address the statutory sentencing principles.

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

Especially mitigated or standard offenders convicted of Class C, D, or E felonies are, of course, presumed to be favorable candidates "for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6). With certain statutory exceptions, none of which apply here, probation must be automatically considered by the trial court if the sentence imposed is eight years or less. Tenn. Code Ann. § 40-35-303(b) (Supp. 2001). The trial court's determination of whether the defendant is entitled to an alternative sentence and whether the defendant is a suitable candidate for full probation are different inquiries with different burdens of proof. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). When, as here, the defendant is entitled to the statutory presumption favoring alternative sentencing, the state must overcome the presumption by the showing of "evidence to the contrary." Ashby, 823 S.W.2d at 169; State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995), overruled in part on other grounds by State v. Hooper, 29 S.W.3d 1 (Tenn. 2000); see Tenn. Code Ann. §§ 40-35-102(6), -103. Conversely, it is the defendant who has the burden of demonstrating his suitability for total probation. Bingham, 910 S.W.2d at 455; see Tenn. Code Ann. § 40-35-303(b) (Supp. 2001).

Among the factors applicable to probation consideration are the circumstances of the offense, the defendant's criminal record, social history and present condition, and the deterrent effect upon and best interest of the defendant and the public. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978). The nature and circumstances of the offense may often be so egregious as to preclude the grant of probation. See State v. Poe, 614 S.W.2d 403, 404 (Tenn. Crim. App. 1981). A lack of candor may also militate against a grant of probation. State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983).

Moreover, in Ashby, our supreme court encouraged the grant of considerable discretionary authority to our trial courts in matters such as these. 823 S.W.2d at 171; see State v. Moss, 727 S.W.2d 229, 235 (Tenn.1986). "[E]ach case must be bottomed upon its own facts." State v. Taylor, 744 S.W.2d 919, 922 (Tenn. Crim. App. 1987). "It is not the policy or purpose of this court to place trial judges in a judicial straight-jacket in this or any other area, and we are always reluctant to interfere with their traditional discretionary powers." Ashby, 823 S.W.2d at 171.

The defendant, who is divorced, resides with his elderly mother in Hardin County. The ages of his two daughters and son ranged from 24 to 30 years. His employment record includes 12 years as an automobile salesman between 1976 and 1988 and three years in construction. At the time of the presentence report, the defendant described himself as self-employed, restoring vintage muscle cars and earning between $10,000 and $21,000 per year. Although he quit school after the ninth grade, he later obtained his GED. The defendant received an honorable discharge from the United States Army with the rank of E-5.

Our review of the record establishes that the trial court did not accredit the testimony of the defendant. During a colloquy with the defendant, the trial court asked for "a straight answer," observing that the defendant was trying to "play games" by his responses to questions about the large amount of marijuana. It was only after the trial court suggested that the marijuana might be for medical purposes that the defendant claimed the substance was for treatment of his various ailments.

At the conclusion of the sentencing hearing, the trial court expressed doubt that the defendant intended to use the entire amount of the marijuana for medical reasons.

A lack of candor suggests a limited potential for rehabilitation. State v. Dowdy, 894 S.W.2d 301, 306 (Tenn. Crim. App. 1994). Without finding either enhancement or mitigating factors, the trial court made reference to those factors and a general reference to the principles which govern sentencing. The denial of full probation was based upon the large amount of marijuana in the defendant's possession, his failure to accept full responsibility for his conduct, and his lack of forthrightness in explaining his purpose. In our view, a sentence of split confinement was proper.

Accordingly, the judgments are affirmed.

_____
GARY R. WADE, PRESIDING JUDGE