# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

Assigned on Briefs December 18, 2012

## STATE OF TENNESSEE v. LAMAR KASHIEF ALLEN

**Appeal from the Criminal Court for Knox County**
**No. 98302     Steve W. Sword, Judge**

---

**No. E2012-00403-CCA-R3-CD Filed March 5, 2013**

---

The Defendant-Appellant, Lamar Kashief Allen, entered guilty pleas to possession of cocaine with intent to sell an amount less than one-half gram and tampering with evidence, Class C felonies, and received an effective six-year sentence with the manner of service to be determined by the court. After a sentencing hearing, the court ordered confinement in the Tennessee Department of Correction. The sole issue on appeal is whether the trial court erred in denying Allen's request for alternative sentencing. Finding no error, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Mark E. Stephens, District Public Defender; Robert C. Edwards, Assistant Public Defender, Knoxville, Tennessee, for the Defendant-Appellant, Lamar Kashef Allen.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; Randall E. Nichols, District Attorney General; Zane Scarlett and Kenneth Irvine, Jr., Assistant District Attorneys General, for the Appellee, State of Tennessee.

## OPINION

At the plea submission hearing, Allen stipulated to the following facts as recited by the State:

> Your Honor, if we were to go to trial on these matters, the witnesses
> listed would testify and proof would show that on February the 18th of this
> year officers with the Knox County Sheriff's Department stopped an

automobile being driven by the defendant, Mr. Allen, stopped for speeding. This was about–about 2:15 in the morning of that date. Upon doing a pat-down of the defendant, the officer felt a–something in his pocket. It turned out to be a pill bottle that had hydrocodone in it, and further search of the automobile revealed other hydrocodone pills, plus in about three different baggies, white crack rocks.

He was placed in the back of the cruiser while paperwork was being filled out, and when the officers came back to Mr. Allen, they found that he had some white powdery substance on his hands. It was field-tested and field-tested positive for cocaine. They then discovered in the back floorboard where he was sitting in the back of the cruiser a large quantity of white powder substance that was also field-tested for–positive for cocaine that had been dumped into the floorboard and tried to–tried to obfuscate the evidence, and all these events did occur in Knox County, Tennessee.

Allen entered a guilty plea to possession with intent to sell cocaine in an amount less than one half gram and tampering with evidence, Class C felonies, in exchange for Range I, six year sentences on each, to be served concurrently with each other but consecutively to a prior offense. Allen applied for Community Alternative to Prison Program (CAPP), and a sentencing hearing was set for December 15, 2011.

Prior to addressing sentencing in the instant case, the trial court addressed Allen's Rule 35 motion to reduce a prior sentence. In that case, the court denied relief and determined that Allen "was completely unsuccessful on probation. He was offered classes through CAPP, did not take advantage of those in that case and he absconded." Notwithstanding the above determination, the trial court was willing to consider placing Allen in CAPP for the new charges, and Allen's counsel advised that CAPP had accepted him into their program on the new case. The court ordered the preparation of a presentence report and continued the hearing to January 26, 2012.

At the hearing for the instant offenses, counsel for Allen reported Allen would be out of the Department of Correction on his earlier case by March 3, 2012, and she requested placement in CAPP. The State argued against a placement in CAPP, noting Allen actually qualified as a Range II, multiple offender and had absconded when placed on enhanced probation in an earlier case.

The presentence report showed that Allen, age twenty-seven, was a high school graduate and employed as an electrician's helper. Allen's criminal history includes two convictions for offenses involving Schedule VI drugs, not less than one-half ounce; three

convictions for casual exchange of drugs; one conviction for theft of property valued under $500; six convictions for driving with a suspended, cancelled, or revoked license; and one conviction for failure to carry and display his driver's license on demand. The report classified Allen as a "medium risk" and contained the following comment:

> On 12-11-03 the Defendant was placed on State probation in Knox County Criminal Docket 78484 and his sentenced expired on 12-11-06. On 4-16-10 he was placed on enhanced probation and failed to report on 2-8-11, the date of arrest in the instant offense. He was returned from absconder status on 8-14-11[,] and a violation of probation warrant was filed for a new charge on 8-14-11. His probation was revoked on 9-16-11[,] and he is now serving a prison sentence.

The presentence report additionally included the following note from the Board of Probation and Parole:

> "Compliance under supervision: Poor. He reported as directed until he absconded but didn't follow through with programs. Circumstances of revocation: He obtained new charges, moved without permission, didn't report as instructed, was in possession of cocaine and hydrocodone and failed to reside at Steps Halfway House. Substantiated drug use: Yes, use of cocaine, marijuana and opiates."

In denying Allen's request for alternative sentencing, the court stated:

> When I look at whether or not a sentence of probation is appropriate in a case, I have to consider several factors. One, you pled as a range I standard offender. You have a relatively long criminal history. Most of the charges are minor, but you've been going about this for quite some time, as the General points out.
>
> We know for sure of offenses beginning at age 18. I don't know anything about your juvenile history, but starting at age 18 you have been committing criminal offenses. You've been in prison before. You had an opportunity to be on judicial diversion before. You've had regular probation. You've had enhanced probation, and none of those have proven to be successful with you, and most notably, recently we tried putting you on our enhanced probation, which is an intensive form of probation designed to give someone close supervision, and that failed. You absconded from it. You

-3-

didn't take advantage of it, and even after spending some time in prison, you still engaged in criminal conduct.

So based upon that, I don't find that there is a high likelihood or potential for rehabilitation for you. I think that we've tried probation before. We've tried it recently, and it has not worked, and I know CAPP is a different program that you've never been on, but I have no reason to believe you'd be successful on that if you've absconded on the others.

The court sentenced Allen to six years on each count to run concurrently with each other but consecutively to his previous sentence, and it imposed a $2,000 fine. Allen timely filed a notice of appeal.

## ANALYSIS

Allen contends the trial court erred in denying his request for alternative sentencing. He asserts this Court should conduct a de novo review of the sentence with no presumption of correctness because "the trial court did not sufficiently follow the Tennessee Criminal Sentencing Reform Act of 1989 so as to entitle the judgment of the trial court to a presumption of correctness." The State responds that the court properly denied alternative sentencing and that the proper standard of review was announced in State v. Bise, 380 S.W.3d 682, 706 (Tenn. 2012), and is an abuse of discretion with a presumption of reasonableness. We agree with the State.

The Tennessee Supreme Court "held in Bise that the 2005 amendments 'effectively abrogated the de novo standard of appellate review,' and we adopted, in its place, 'an abuse of discretion standard of review, granting a presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act.'" State v. Christine Caudle, — S.W.3d — , 2012 WL 5907374, at *5 (Tenn. Nov. 27, 2012) (quoting State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012)). Caudle clarified that "the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." Id.

Additionally, trial courts must consider the following when determining a defendant's specific sentence and the appropriate combination of sentencing alternatives:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

T.C.A.§ 40-35-210(b) (2006). The defendant has the burden of showing the impropriety of the sentence on appeal. Id. § 40-35-401(d) (2006), Sentencing Comm'n Cmts. Because the 2005 amendments to the Sentencing Act gave trial courts broad discretion in sentencing, "sentences should be upheld so long as the statutory purposes and principles, along with any applicable enhancement and mitigating factors, have been properly addressed." Bise, 380 S.W.3d at 706. Moreover, "a trial court's misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed unless the trial court wholly departed from the 1989 Act, as amended in 2005." Id. "So long as there are other reasons consistent with the purposes and principles of sentencing, as provided by statute, a sentence imposed by the trial court within the appropriate range should be upheld." Id.

Allen specifically argues that the trial court erred in failing to impose an alternative sentence. Any sentence that does not involve complete confinement is an alternative sentence. See generally State v. Fields, 40 S.W.3d 435 (Tenn. 2001). Tennessee Code Annotated section 40-35-102(6)(A) (2006) states that a defendant who does not require confinement under subsection (5) and "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary[.]" A trial court "shall consider, but is not bound by, the advisory sentencing guideline" in section 40-35-102(6)(A). T.C.A. § 40-35-102(6)(D) (2006). In determining whether to deny alternative sentencing and impose a sentence of total confinement, the trial court must consider if:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Id. § 40-35-103(1)(A)-(C) (2006). The principles of sentencing require the sentence to be "no greater than that deserved for the offense committed" and "the least severe measure necessary to achieve the purposes for which the sentence is imposed." Id. § 40-35-103(2), (4) (2006). In addition, "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed[,]" and "[t]he length of a term of probation may reflect the length of a treatment or rehabilitation program in which participation is a condition of the sentence [.]" Id. § 40-35-103(5) (2006).

The trial court's determination of whether the defendant is entitled to an alternative sentence and whether the defendant is a suitable candidate for full probation are different inquiries with different burdens of proof. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). Allen was eligible for probation because his sentence was ten years or less and the offenses for which he was convicted were not specifically excluded by statute. T.C.A. § 40-35-303(a) (2006). The trial court shall automatically consider probation as a sentencing alternative for eligible defendants; however, the defendant bears the burden of proving his or her suitability for probation. Id. § 40-35-303(b) (2006). In addition, "the defendant is not automatically entitled to probation as a matter of law." Id. § 40-35-303(b), Sentencing Comm'n Cmts. Rather, the defendant must demonstrate that probation would serve "the ends of justice and the best interests of both the public and the defendant." State v. Souder, 105 S.W.3d 602, 607 (Tenn. Crim. App. 2002) (citations omitted).

When considering probation, the trial court should consider the nature and circumstances of the offense, the defendant's criminal record, the defendant's background and social history, the defendant's present condition, including physical and mental condition, the deterrent effect on the defendant, and the best interests of the defendant and the public. See State v. Kendrick, 10 S.W.3d 650, 656 (Tenn. Crim. App.1999) (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978)). Moreover, the Tennessee Supreme Court has held that truthfulness is a factor which the court may consider in deciding whether to grant or deny probation. State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983) (citing State v. Poe, 614 S.W.2d 403, 404 (Tenn. Crim. App.1981)).

As an initial matter, Allen contends that our standard of review should be de novo because the trial court failed to mention "the presumption in favor of probation at the time of its pronouncement of judgment." He additionally argues for de novo review because the trial court erroneously stated that Allen had been in prison and that his prospects for rehabilitation were poor. As previously noted, under the revised Tennessee sentencing scheme, a defendant is no longer presumed to be a favorable candidate for alternative sentencing. State v. Carter, 254 S.W.3d 335, 347 (Tenn. 2008) (citing T.C.A. § 40-35-102(6)). Moreover, the trial court's comments taken in context are not inconsistent with the record, which shows an extensive criminal history consisting of relatively minor offenses and multiple failures to comply with probation or parole. Based on our review of the record, the trial court considered the purposes and principles of sentencing and imposed a below-range sentence, per Allen's plea agreement. Accordingly, we review this matter under an abuse of discretion standard, accompanied by a presumption of reasonableness.

In support of an alternative sentence, Allen essentially argues for a second chance at probation and insists that the trial court failed to consider he was "laboring under a long existing and powerful poly[-]substance addiction," that given another opportunity he could become "re-integrated into society through the CAPP program," and that "a strict probation format . . . [would] best serve[] the purposes of the Criminal Sentencing Reform Act of 1989 and the interest of society." As previously noted, the record shows that the trial court thoroughly considered the purposes and principles of the Sentencing Act before determining whether to impose confinement in this case. The trial court relied primarily upon the presentence report, which showed that Allen had five prior drug-related convictions, one conviction for theft of property valued under $500; and seven traffic related convictions. Significantly, in May 2003, Allen was granted judicial diversion in a misdemeanor casual exchange case. Four months later, Allen was re-arrested for a felony drug offense and placed on probation for two years with his sentence set to expire in 2006. In 2004 and 2005, Allen received two suspended sentences for misdemeanor casual exchange of drugs and theft. In May 2008, Allen was re-arrested for another drug offense for which he received two years enhanced probation to be served concurrently with another misdemeanor drug offense committed in October 2008.

The Board of Probation and Parole noted generally that Allen's compliance with probation was "poor" and that Allen "reported as directed until he absconded but did not follow through with programs." The trial court observed that Allen had received judicial diversion, regular probation, and enhanced probation. Yet, Allen was unable to successfully complete intensive probation because he either absconded, picked up additional offenses, or failed to take advantage of the programs. The record supports the trial court's determination that Allen was not a proper candidate for alternative sentencing because of his extensive criminal history and his inability to abide by previous sentences less restrictive than

confinement. <u>See</u> T.C.A. § 40-35-103(1)(A),(C). Accordingly, because Allen has failed to show an abuse of discretion in the trial court's denial of an alternative sentence, the judgment of the trial court is affirmed.

## **<u>CONCLUSION</u>**

Upon review, we affirm the judgment of the Knox County Criminal Court.

_____
CAMILLE R. McMULLEN, JUDGE